**Arthur Lesly UMAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74214.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, James E. Grimes, Esq., Mary Jane Candaux, Esq., Deborah N. Misir, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Arthur Lesly Umar, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

■ Substantial evidence supports the IJ's finding that Umar did not suffer past persecution because he testified that he

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was never harmed in Indonesia. *See id.* at 1016.

■ Substantial evidence also supports the IJ's finding that Umar did not demonstrate a well-founded fear of future persecution. Umar provides no evidence indicating that he or his family has been, or is likely to be, individually targeted for persecution. *See Singh v. INS,* 134 F.3d 962, 970 (9th Cir.1998). In addition, Umar fails to establish that the evidence in the record compels a finding that members of his religion are subject to a pattern or practice of persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Because Umar cannot meet his burden to demonstrate that he is eligible for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

■ Substantial evidence also supports the IJ's denial of CAT relief because Umar did not establish that is more likely than not that he would be tortured if returned to Indonesia. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194–95 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**